**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/27/23

MILIJA BRKIC, *individually and on behalf of others*
*similarly situated,*

        Plaintiff,

  -against-

DUMBO MOVING & STORAGE, INC. and LIOR
RACHMANY,

        Defendants.

No. 22-cv-07029 (CM)

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

McMahon, J.:

    Plaintiff Milija Brkic ("Brkic" or "Plaintiff") brought this action alleging wage and hour violations and hostile work environment violations against his former employer Dumbo Moving and Storage, Inc. ("Dumbo Moving") and its chief executive officer Lior Rachmany (together, "Defendants").

    Defendants moved for an order compelling Plaintiff to arbitrate his claims and to dismiss or stay further judicial proceedings. (Dkt. No. 14 at 1). On January 9, 2023, the court granted Defendants' motion and stayed the proceedings under 9 U.S.C. § 3 until 30 days after an award is entered. (Order, Dkt. No. 25).

    Plaintiff now moves for reconsideration of the court's January 9, 2023 decision and order ("Order") pursuant to Local Civil Rule 6.3 of the United States District Courts for the Southern and Eastern Districts of New York and Federal Rule of Civil Procedure 60(b). (Mot. for Reconsideration, Dkt. No. 28).

    For the following reasons, I deny with prejudice Plaintiff's motion for reconsideration.

1

## BACKGROUND

Familiarity with the facts of the case and the court's January 9, 2023 Order, (Dkt. No. 25), is assumed. For convenience, the court recounts the most relevant allegations and procedural history below.

In brief, Plaintiff worked for Dumbo Moving as a mover and sales representative from September 1, 2018 through January 10, 2022. (Complaint ("Compl.") ¶ 21). On August 17, 2022, Plaintiff filed his Complaint, on behalf of himself and others similarly situated, against Defendants, asserting claims for wage and hour violations under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), as well as hostile work environment claims under the New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL"). (Compl. ¶¶ 64-142).

Defendants filed a motion to compel arbitration and to dismiss or stay further judicial proceedings. (Dkt. No. 15 at 1). On January 13, 2020, Plaintiff in his individual capacity signed an arbitration agreement, which required Plaintiff to submit all disputes between Plaintiff and Dumbo Moving to "binding arbitration before an arbitrator and not by way of a court or jury trial." (Dkt. No. 17-1 at § 1; the "Arbitration Agreement"). Defendants filed the Arbitration Agreement with their motion to compel arbitration.

In his memorandum in opposition to Defendants' motion to compel arbitration, Plaintiff argued that he is not bound by the Arbitration Agreement because he signed on behalf of his company, VOZD Express, Inc., rather than as himself in his individual capacity. In support of this argument, Plaintiff attached a declaration in which he stated that he had "no intention of being personally bound" by the Arbitration Agreement. (Dkt. No. 20-1). Plaintiff further argued that, as he is not the alter ego of his company, the fact that the Arbitration Agreement bound

VOZD Express, Inc. did not result in Plaintiff being bound in his individual capacity. Finally, Plaintiff argued that the Arbitration Agreement is void as created for an illegal purpose because Defendants forced Plaintiff to create a corporation to misclassify him and other employees as independent contractors and avoid minimum wage and overtime laws and then forced Plaintiff into signing the Arbitration Agreement to further ensure Defendants' employees were misclassified as independent contractors and that they could not come to court to enforce their rights.

On January 9, 2023, the court granted Defendants' motion to compel arbitration and stayed the proceedings under 9 U.S.C. § 3 until 30 days after an award is entered. (Order, Dkt. No. 25).

The court held that Plaintiff signed the Arbitration Agreement in his individual capacity. In the very first paragraph of the Arbitration Agreement, Plaintiff signed his own name – Milija Brkic -- as the "Sales Representative," who is identified as one of the two "Parties" to the Arbitration Agreement (the other being, not Plaintiff's company, but Dumbo Moving). In addition, Plaintiff signed his own name in the signature block at the end of the Arbitration Agreement. Therefore, the court determined that, as the Arbitration Agreement clearly and plainly identifies Milija Brkic – not VOZD Express, Inc. -- as one of the Parties to the Agreement, Plaintiff's subjective intent as to whom was signing the Arbitration Agreement was irrelevant and the objective terms of the Arbitration Agreement controlled.[1]

In addition, the court acknowledged that, even if it were the case that Plaintiff had never signed the contract in his individual capacity, he would nonetheless still be bound based on an estoppel theory. The estoppel theory provides that a person who knowingly exploites an

---

[1]     The court did not address Plaintiff's alter ego argument as it held that Plaintiff in his individual capacity, not his company, was a party to the Arbitration Agreement.

agreement with an arbitration clause can be estopped from avoiding arbitration despite having never signed the agreement. Here, as Plaintiff provided services to Dumbo Moving pursuant to the Independent Contractor Agreement and received payments from his company, VOZD Express, Inc. – of which he was the sole owner – for providing such services, he knowingly accepted the benefits of the Independent Contractor Agreement and must submit to arbitration.

As to Plaintiff's allegation that the Arbitration Agreement is "void as created for an illegal purpose," the court held that this dispute over the validity of the Arbitration Agreement is a so-called "gateway" issue that must, per the terms of the Arbitration Agreement, be decided by an arbitrator. Specifically, the Arbitration Agreement contains a delegation provision that unambiguously delegates to the arbitrator disputes regarding the Arbitration Agreement's interpretation, applicability, enforceability or formation, including whether any part of the Agreement is void or voidable. As Plaintiff argued that the Arbitration Agreement as a whole is unenforceable, rather than challenging the delegation provision specifically, Supreme Court case law determines that such a challenge must be left to the arbitrator. *See Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 66 (2010).

Plaintiff now moves for reconsideration of the Order pursuant to Local Civil Rule 6.3 of the United States District Courts for the Southern and Eastern Districts of New York and Fed. R. Civ. P. 60(b)(1).

## DISCUSSION

Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal citations and quotation marks omitted). "The provision for reargument is not designed to allow wasteful

repetition of arguments already briefed, considered and decided." *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990).

Accordingly, the standard for granting a motion for reconsideration is "strict," and reconsideration will usually be denied. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). To merit reconsideration, a party must pinpoint "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

Plaintiff claims to be moving for reconsideration on the basis of newly-discovered evidence. The newly-discovered evidence is the full set of agreements between Brkic/VZOD Express, Inc. and Defendants – not just the Arbitration Agreement (which was presented to the court by Defendants in support of their motion), but also something called the independent sales representative agreement (which was not presented to the court). Plaintiff argues that there is an inconsistency between these two documents – one of which (the independent sales representative agreement) was signed by VZOD Express, Inc. and one (the Arbitration Agreement) by Brkic – which renders it ambiguous whether Brkic really is a party to the Arbitration Agreement (notwithstanding that he signed his name to it, and not in any corporate capacity). Plaintiff attached a copy of the independent sales representative agreement to his motion for reconsideration.

The court was not aware of this document when the motion to compel arbitration was under consideration but that does not make the agreement "newly discovered evidence." "In order for evidence to be considered 'newly discovered' on a motion for reconsideration, it must

be 'evidence that was truly newly discovered or could not have been found by due diligence.'"

*Pettiford v. City of Yonkers*, No. 14 CIV. 6271 (JCM), 2020 WL 1989419, at *2 (S.D.N.Y. Apr. 27, 2020). "Newly discovered evidence must not have been available prior to entry of the judgment leading to reconsideration." *Id.* Evidence of which a party was aware is by definition not "newly discovered." *Lima LS PLC v. Nassau Reinsurance Grp. Holdings, L.P.*, 160 F. Supp. 3d 574, 578 (S.D.N.Y. 2015).

Plaintiff does not contend that he was unaware of the existence of the independent sales representative agreement at the time he responded to Defendant's motion, and for good reason. The very fact that he has (belatedly) produced a copy of it to the court indicates that he was aware of the existence of the document and the fact that he produced it means he had a copy in his files. Plaintiff could have made the argument he now makes when he filed his original response to the motion to compel arbitration. He did not do so. He cannot now. As newly discovered evidence is the only reason assigned for reconsideration, and as the independent sales representative agreement is not newly discovered evidence, the motion is denied without the need for defendant to file any response. *See* Individual Practices and Procedures for Judge McMahon, Rule V.E.5.

## CONCLUSION

The motion for reconsideration is DENIED. The Clerk of the Court is respectfully directed to close Dkt. No. 28.

Dated: January 27, 2023

_____

U.S.D.J.

TO ALL PARTIES BY ECF

6